HIPPLE v. MELACHRINO et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

PLEADING (§ 345*)—COMPLAINT—MOTION FOR JUDGMENT ON PLEADINGS.

　　A complaint, in an action for services rendered by plaintiff to defendants in their business and in assisting in a sale thereof, which alleged that defendants agreed in consideration of the services to pay plaintiff when the business was sold a specified sum, that the business was sold, that plaintiff assisted in bringing about a sale, that plaintiff had duly performed all the conditions of the contract on his part, and that defendants had failed to pay for the services, stated a cause of action for the recovery of the services, in view of Code Civ. Proc. § 533, authorizing a party pleading performance of a condition precedent in a contract to state generally that he has performed all the conditions on his part, and a judgment of dismissal on the pleadings after defendant set up a new contract and alleged nonperformance thereof by plaintiff was erroneous.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from Special Term, New York County.

Action by Frank E. Hipple against Miltiade Melachrino and another. From an order granting defendant's motion for judgment dismissing the complaint on the pleadings, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Bruce Ellison, of New York City, for appellant.
Victor E. Whitlock, of New York City, for respondents.

McLAUGHLIN, J. Action by an attorney at law to recover for services alleged to have been rendered to defendants in their business and also in assisting in a sale of the same. The complaint alleges, in substance, that the defendants, in consideration of plaintiff's advice and services with reference to their business during the past seven years, and in further consideration of services to be rendered in assisting the defendants in making a sale of the same, agreed to pay him, when the business was sold, the sum of $25,000; that after the agreement was

made the plaintiff did assist the defendants in bringing about a sale of the business for $1,000,000; that the plaintiff duly performed all of the conditions of the contract on. his part to be performed and by reason thereof there is now due him the sum of $25,000, with interest from the date of the sale, which sum he has demanded and which the defendants have refused and neglected to pay.

The defendants interposed an answer in which they admitted that, after the date of the contract alleged in the complaint, the plaintiff did call upon certain persons with reference to a sale of defendants' business and reported the result to them, or one of them, and denied the other material allegations of the complaint. The answer then sets up a separate defense to the effect that the only contract between the plaintiff and defendants was that if he should succeed, through his own individual efforts, in effecting. a sale, that then the defendants would pay him the sum of $20,000 for his services; that he did not so succeed, but, on the contrary, wholly failed and neglected to perform the contract on his part.

After issue had been thus joined, the defendants moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was granted, and plaintiff appeals. The motion was granted, as appears from the memorandum of the learned justice sitting at Special Term, upon the ground that the contract alleged in the complaint was unilateral, since it failed to state that any services were to be performed by the plaintiff, and that the facts set forth did not show an offer to render services by the plaintiff or an acceptance thereof by the defendants.

The action is to recover for services already performed. It fairly alleges that the defendants agreed, in consideration of such services, they would pay to the plaintiff, when the business was sold, $25,000; that the business was sold for $1,000,000; and that the plaintiff assisted in bringing about the sale. Plaintiff then alleges, as he had a right to do under section 533 of the Code of Civil Procedure, without stating fully the facts constituting performance, that he had duly performed all the conditions of the contract on his part to be performed. The complaint, as I read it, contains every necessary allegation in an action to recover for services rendered. There is an allegation: (a) That the plaintiff was employed under a contract containing an agreement to pay a specified sum; (b) that he actually performed the services; and (c) that defendants have failed to pay for such services. These allegations are sufficient, if unanswered, to entitle plaintiff to judgment.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.